*T. C. Winfry, A. Duvall, for appellant.*

*William Stewart, for appellee.*

---

## B. F. EVANS *v.* E. A. J. EVANS.

**Guardian and Ward.**

Where a note is executed by a minor under guardianship for money which he received, it is voidable at the option of said minor, but where he permits his guardian to pay such note and makes no move to disavow the note until more than a year after becoming of age, equity will not hold such guardian liable at the suit of such ward.

APPEAL FROM GARRARD CIRCUIT COURT.

January 16, 1880.

OPINION BY JUDGE PRYOR:

In the present case four years or more elapsed between the execution of the note to the appellant and the institution of this action. The note was of no validity or, rather, was voidable at the option

of the appellant to whom it had been executed in good faith by the guardian, all parties believing the disability of infancy on the part of the appellant had been removed by legislative enactment. No effort was made to annul the obligation by the appellant after his majority, nor notice given to appellees that he would not abide the note or attempt to avoid it by the plea of infancy. The guardian was left to pay the note, the legal effect of which he could not question, when if notified by the appellant he might have withheld payment. An equitable defense might have been made by the appellee to this note if notice had been given by appellant that he would not abide the settlement or the manner in which his claim against the appellee as guardian had been satisfied. It seems, however, that the parties were not aware for a year or more after the settlement that the governor had vetoed the act removing the disability of infancy. The appellant was then of age, and still no notice was given to the guardian, but the latter was left to pay the note when he might have protected himself against any effort to coerce it. It does not appear when the guardian paid the money, but it is evident that it was not paid by him to Sweeney, but passed to some one else, and afterward paid.

Under the proof in this case, and after the lapse of several years, the chancellor will not indulge in a presumption favorable to the appellant with a view of making a faithful guardian responsible. The appellant knew the mistake under which all the parties were laboring at the time of the settlement. He knew that the appellee had executed his note to him, and that he had disposed of it to others and squandered the proceeds. He should have given appellee some notice that he might have protected himself from making double payment of the same debt, and, failing to do so, must abide the consequences. Whether the guardian had the right to rely on the representation of the appellant as to the legislative enactment is not necessary to be determined. It is certain that a mistake was made, if no fraud was practiced, and the appellant, knowing the mistake, abided it for years after his arrival at age, and, having in fact received the money, the equity of the case is so strong in the favor of the appellee that a chancellor would hesitate a long time before making the latter responsible.

Judgment *affirmed.*

*Burdett & Hopper, for appellant.*

*Denny & Tomlinson, for appellee.*